963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William A. PIPKIN, Plaintiff-Appellant,
v.
THE CITY OF MOORE, OKLAHOMA, a Municipal Corporation; Moore
Public Works Authority, a Public Trust; Louis Kindrick;
Willie Edwards, individually and as Members of Moore City
Council; Robert W. Swanagon, individually and as City
Manager of City of Moore, Defendants-Appellees.
 No. 91-6100.
 United States Court of Appeals, Tenth Circuit.
 May 12, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from a district court order awarding attorney's fees to the prevailing Defendants in this wrongful termination action brought under state and federal law. We review the award solely for an abuse of the district court's discretion. See, e.g., Allen v. Denver Pub. Sch. Bd., 928 F.2d 978, 986 (10th Cir.1991); Igbal v. Golf Course Superintendents Ass'n, 900 F.2d 227, 228 (10th Cir.1990). Plaintiff's various assignments of error fail to demonstrate any grounds for reversal under this standard.
 
 
 3
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3